UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.K.J., individually, and successor in interest to the Deceased, ALEAH JENKINS, by and through his guardian-ad-litem, JEREMY HILLYER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 19-CV-2123-CAB-RBB<br><br>**ORDER REGARDING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[Doc. No. 3] |

This matter is before the Court on a petition by Jeremy Hillyer to be appointed as guardian ad litem for minor plaintiff J.K.J. As one district court explained:

> [A] guardian ad litem is not a general guardian. *See, e.g., Bacon v. Mandell*, No. 10–5506, 2012 WL 4105088, at *14 n. 21 (D.N.J. Sept. 14, 2012). A general guardian is "[a] guardian who has general care and control of the ward's person and estate." Black's Law Dictionary (10th ed. 2014). A guardian ad litem, on the other hand, is "[a] guardian, [usually] a lawyer, appointed by the court to appear in a lawsuit on behalf of an incompetent or minor party." *Id*. "Ad litem" means "[f]or the purposes of the suit; pending the suit." *Id.*; *cf., e.g., Brown v. Alexander*, No. 13–01451, 2015 WL 1744331, at *7 (N.D.Cal. Apr. 15, 2015) ("[T]he rules permitting a court to appoint a guardian ad litem exist for precisely the situation in which the child's interests

1

are best served if he or she is represented by someone other than a custodial parent or other general guardian.").

*AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1051-52 (E.D. Cal. 2015). The appointment of a guardian ad litem, therefore, "is more than a mere formalism." *Id.* (quoting *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986)). The cursory petition currently before the court, meanwhile, treats it as such and is therefore denied.

The sole grounds stated in the petition for Mr. Hillyer's appointment are that he is J.K.J.'s father, is a resident of San Diego County, and is a responsible adult. Conspicuously absent from the petition is any supporting evidence such as, without limitation, a declaration from Hillyer supporting these statements, or any indication in the petition itself that Hillyer actually has custody of J.K.J. or plays any other role in J.K.J.'s life. The mere fact that Hillyer is J.K.J.'s biological father (assuming that to be the case in the absence of any evidence to the contrary) is not, without more, enough for the Court to find that he is qualified to be J.K.J.'s guardian ad litem. Indeed, the allegations in the complaint raise the prospect that Hillyer, though not himself a party to this lawsuit, conceivably could have a conflict of interest with J.K.J. depending on Hillyer's relationship with the decedent at the time of her death, which is not clear from the complaint or petition. *See generally J. M. v. Liberty Union High Sch. Dist.,* No. 16-CV-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) ("[I]f the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation.") (citation omitted). In any event, the Court lacks sufficient information to determine whether Hillyer would be an appropriate guardian ad litem for J.K.J. in this case.

Moreover, if Hillyer does have custody of and in fact cares for J.K.J.'s needs, it is unclear why it would be necessary to appoint Mr. Hillyer as guardian ad litem because he therefore would be J.K.J.'s general guardian and could sue on J.K.J.'s behalf under Federal Rule of Civil Procedure 17(c)(1)(A). *See Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013)

(holding that parents' application for appointment as guardian ad litem was unnecessary, noting that "Rule 17(c)(1)(A) permits a 'general guardian' to sue in federal court on behalf of a minor, and a parent is a guardian who may so sue.") (internal quotation marks and citation omitted); *see also Yeager*, 143 F. Supp. 3d at 1051-52.

Accordingly, the Petition to appoint Jeremy Hillyer as the guardian ad litem for Plaintiff J.K.J. is **DENIED WITHOUT PREJUDICE**. On or before **December 5, 2019**, counsel for Plaintiff must either: (1) re-file a petition for appointment of Mr. Hillyer or another appropriate adult as guardian ad litem for J.K.J., including sufficient information and evidence for the Court to determine the propriety of such an appointment; or (2) file sufficient evidence demonstrating that Mr. Hillyer is J.K.J.'s general guardian and therefore is authorized to sue on J.K.J.'s behalf under Federal Rule of Civil Procedure 17(c)(1)(A).

It is **SO ORDERED**.

Dated: November 26, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge